UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIGBY KERR,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:18-cv-2023 (JAM)

**ORDER DISMISSING MOTION FOR POST-CONVICTION RELIEF**

On June 18, 2018, the Court sentenced defendant Digby Kerr principally to a term of 12 months and one day of imprisonment following his guilty plea to a charge of interstate wire fraud. Doc. #1-1; *United States of America v. Digby Kerr*, 18-cr-55(JAM) (D. Conn. 2018). As part of his plea agreement, Kerr admitted that he owned and operated a business involving the brokerage of shipping contracts and that he fraudulently failed to remit more than $600,000 that several manufacturers gave to him with the understanding that Kerr would use the money to pay trucking companies for the shipping of the manufacturers' goods. *See* Doc. #5 at 10–11 in *United States of America v. Digby Kerr*, 18-cr-55(JAM). Kerr is now serving his sentence at FPC Montgomery in Alabama.

On December 11, 2018, Kerr filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Doc. #1. Kerr argues that his wire fraud conviction is invalid because the Government did not suffer an "injury in fact" in order to have standing to prosecute him in federal court under Article III of the U.S. Constitution. *Ibid.*

The Court is required upon the filing of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 to promptly examine it and to dismiss the motion if it "plainly appears" to lack merit. *See* Rule 4 of the Rules Governing Section 2255 Proceedings Before the United States

1

District Courts. I have now conducted this initial review and will dismiss this action on grounds that Kerr's motion lacks any arguable basis in law.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies," including "all Cases . . . arising under . . . the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. "This provision embraces alike civil and criminal cases arising under the Constitution and laws," and "a case arising under the Constitution and laws of the United States may as well arise in a criminal prosecution as in a civil suit." *Tennessee v. Davis*, 100 U.S. 257, 264 (1879). Congress in turn has granted the federal district courts with original jurisdiction over all crimes against the laws of the United States. *See* 18 U.S.C. § 3231.

In the ordinary course, a party who brings an action in federal court must have case-or-controversy "standing" to assert a claim. Specifically, "a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (internal brackets and quotations omitted).

Because Kerr's fraud involved monetary loss only to private parties and not to the Government, Kerr believes that the Government lacked standing to prosecute him. This argument overlooks the principle that, apart from any pecuniary or other quantifiable harm that may result to the Government when a defendant violates a federal criminal law, the violation of a federal criminal law is itself an injury to the very sovereignty of the United States and sufficient to allow a criminal prosecution in a federal court. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens,* 529 U.S. 765, 771 (2000) (noting it to be "beyond doubt" that a complaint alleging a violation of a federal law amounts to an "injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government)" as distinct from "the

proprietary injury resulting from the alleged fraud"). Thus, because "[a]s sovereign, the United States has standing to prosecute violations of valid criminal statutes," the "contention is frivolous" that the Government lacks standing to prosecute a federal crime if the defendant "did not inflict the 'concrete' and 'imminent' injury in fact on the United States that Article III requires civil litigants to demonstrate to have their claims adjudicated in federal court." *United States v. Daniels*, 48 F. App'x 409, 418 (3d Cir. 2002) (*per curiam*); *Rios v. United States*, 2016 WL 3702966, at *4 (E.D.N.Y. 2016) (same).

## CONCLUSION

Accordingly, the Court DISMISSES the motion for post-conviction relief (Doc. #1) on the ground that it plainly lacks merit. The Court DENIES Kerr's motion to dismiss (Doc. #4) as moot in light of the Court's *sua sponte* dismissal of the motion for post-conviction relief. Because Kerr has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment for the United States and to close this case.

It is so ordered.

Dated at New Haven this 31st day of January 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge